Jose Gilberto **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–90–321–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 3, 1991.

Donald W. Rogers, Jr., Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Jose Gilberto Hernandez, appeals his judgment of conviction for the offense of Sexual Assault. TEX.PENAL CODE ANN. § 22.011 (Vernon 1989). The jury rejected appellant's not guilty plea and after finding the enhancement paragraph of the indictment to be true, assessed punishment at 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of five thousand dollars. We affirm.

T.H., the complainant, testified that she was married to appellant and had been married to him since October 18, 1968. At the time of trial, a divorce was pending which was filed on February 20, 1990. The two had separated in July 1986, at which time their sexual relations ended. Appellant had not resided with her since she moved in 1986. One of the reasons T.H. did not file for divorce until 1990 was because appellant threatened her and she was afraid. Appellant did not want to give her a divorce, and he threatened to kill her. T.H. believed appellant would kill her.

On November 26, 1989, while visiting with T.H., appellant began accusing her of having a "nigger boyfriend," although T.H. responded that she did not have any boyfriend. Appellant told her that she was a liar and that she was going to make him do

something to her that he did not want to do. About an hour later, appellant walked into the house and into T.H.'s son's bedroom, to get his clothes and leave. T.H. went into the room with appellant, and he closed the door. T.H. was helping him fold up his clothes, when appellant grabbed her arm and pulled her over in front of him. Appellant began to take off her clothes, and he told her that he was going to show her what he was made of. T.H. just stood there because she "wasn't about to try to fight him," and appellant did undress her. He pushed her back onto the bed and put his penis into her vagina, without her consent. T.H. did not try to stop him or fight him, although she did try to pull away from him. Appellant would pull her legs down when she tried to pull away, and he forcefully held her down with his arms and legs.

After appellant put his penis in T.H.'s vagina, he put his penis in her mouth, and continued to ask her about her "nigger boyfriend." Appellant continued to go back and forth, from her vagina to her mouth, and T.H. testified that she was wishing he would die.

T.H. did not consent to any sexual activity, and when she would try to pull away, appellant would shove her back down. She had bruises on her legs from where appellant was holding her down. Appellant also threatened her during the ordeal, and T.H. thought that he might kill her. T.H. cried out only once in a long scream, and that was when appellant struck her. She knew she would only get one scream before he would reach her. Appellant told T.H. that nobody was going to help her. He told her that he was going to have to do something to her and, as T.H. cried, she thought appellant was going to get a knife and kill her. The police finally came and entered the room, and appellant was arrested. Appellant testified that T.H. lied about being sexually assaulted, and claimed that the sexual intercourse he had with her was with her consent.

Appellant brings two points of error in his appeal. In his first point of error he asserts the evidence is insufficient to support his conviction in that the evidence fails to show lack of consent on the part of the complaining witness, T.H.

The standard for reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Gaynor v. State*, 788 S.W.2d 95 (Tex.App.— Houston [14th Dist.] 1990, pet. ref'd). If there is evidence that establishes guilt beyond a reasonable doubt which the trier of fact believes, the judgment cannot be reversed on sufficiency of the evidence grounds. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.1984), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The appellate courts ensure only the rationality of the factfinder, serving as a final due process safeguard. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

Sexual assault is without the consent of the other person if: "(1) the actor compels the other person to submit or participate by the use of physical force or violence;" or "(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat[.]" TEX.PENAL CODE ANN. Sec. 22.-011(b)(1) and (2) (Vernon 1989).

There is direct evidence from T.H. that she did not consent to sexual intercourse with appellant. Appellant's contention is that since T.H. offered virtually no resistance to him, the evidence is insufficient to show that she did not consent. However, after looking at the entire record, virtually all of the evidence before the jury, save appellant's testimony, reflects that T.H. did *not* consent to this sexual assault.

Here, the jury had the ability to observe the witnesses carefully, to *hear* the fear or violence projected from each witness, and to evaluate the credibility of each witness and the overall sufficiency of the evidence on the issue of consent. Since the jurors are the exclusive judges of the facts, the credibility of the witnesses and the weight to be given their testimony, they were entitled to accept one version of the facts and reject another, or reject any part or all of a witness' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Page v. State*, 690 S.W.2d 102, 105 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). We find that the jury chose to believe that T.H. did not consent to this sexual assault.

Reviewing the evidence before the jury, the complainant was married to appellant for twenty-one (21) years, and was fearful of him. The two were separated for three years, and one of the reasons a divorce was not obtained was because appellant threatened the complainant, and she was afraid he would kill her. Appellant's act was one of violence, and fear was the only reason the complainant did not resist or say anything to stop him. Appellant forcibly held the complainant down and threatened her, and he *knew* that the sexual assault was without her consent.

The evidence also showed that the entire family was afraid of appellant. The arresting officer testified that when he arrived on the scene, the complainant's father, who was present in the house at the time of the sexual assault, was shaken with fear. Upon barging into the room, the officer observed appellant grasping the complainant's hair. As soon as the complainant was able to get free, she ran out of the room, crying and hysterical. According to the officer, the complainant was "very scared," and it was obvious that she had been through some type of traumatic experience and was "terrified substantially."

The complainant's son, testified that he could hear his mother crying from within the room, and heard his mother scream out of fear. He entered the room and saw appellant standing over his mother, who was naked on the floor. Appellant appeared to be attacking her at the time. Appellant yelled at him to get out of the room and then appellant shut the door.

Dr. Edward Stephens examined T.H., and testified that he observed bruises on her body in the hip area and behind the knees. There were three bruises behind the left knee that appeared to be caused by a handprint. The bruises were fresh, and were consistent with being caused by a person holding down the legs during sexual intercourse.

Where the complainant's testimony that appellant had intercourse with her without her consent was not conflicting, in that she so stated and was unwavering, appellant's denial that he lacked consent created a fact issue that the jury resolved against him. *Bernal v. State*, 647 S.W.2d 699, 707 (Tex. App.—San Antonio 1982, no pet.). TEX. CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981) and art. 38.04 (Vernon 1979). The evidence reveals that when the complainant would resist by attempting to pull away from appellant, he would forcibly restrain her. *Bannach v. State*, 704 S.W.2d 331 (Tex.App.—Corpus Christi 1986, no pet.). (Evidence supported a jury finding that the rape victim's submission was compelled by the defendant's use of physical force and violence, where the victim testified that she felt her life was in danger and that she did exactly what defendant wanted her to do in order to avoid getting hurt, and a physician testified that the swelling and redness she observed on the victim was consistent with a rape).

Most importantly, the victim in a sexual assault is no longer required to "resist," as the emphasis is now on the actor's compulsion rather than the victim's resistance. *Bannach v. State*, 704 S.W.2d at 332–33. "By merely stating that, if the actor's use of physical force or violence compels the victim to submit, the 'without consent' standard is satisfied, the legislature has made it easier for the State to prove lack of consent." *Id.* at 333. We find that in viewing the evidence in the light most favorable to the jury verdict,

any rational trier of fact could have found beyond a reasonable doubt that the complainant's submission was compelled by appellant's use of physical force and violence. Appellant's first point of error is overruled.

In his second point of error appellant claims the evidence is insufficient to show that he was not the spouse of the complainant as required by section 22.011 of the Texas Penal Code. The Texas Penal Code defines "spouse" as "a person who is legally married to another, *except* that persons married to each other are not treated as spouses if they do not reside together or if there is an action pending between them for dissolution of the marriage or for separate maintenance." Tex.Penal Code Ann. Sec. 22.011(c)(2) (Vernon 1989) (emphasis added).

The complainant and appellant were legally married at the time of this offense, and no action was pending for dissolution of the marriage or for separate maintenance at the time of the offense. However, the complainant and appellant did not reside together and had not resided together for more than three (3) years prior to the offense. Contrary to appellant's claims on appeal, the evidence is uncontroverted on this point.

T.H. testified that she and appellant had not resided together since July 1986. The record reflects that when the two separated in 1986, T.H. moved to 1708 Story In Harris County, Texas, while appellant moved to Corpus Christi and lived with his mother, or stayed with friends at an apartment in Houston. Appellant even admitted that two months prior to the offense he was living in Corpus Christi. The complainant's mother, testified that she and her husband moved in with the complainant at the 1708 Story address in August 1988. Appellant did not live there, and never did live there while she and her husband lived at that address, which was until January 15, 1990.

Although the record reflects that appellant did spend the two nights preceding the sexual assault at the complainant's residence, all of the testimony, save appellant's, suggests that he was an uninvited guest. We find that viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found, beyond a reasonable doubt, sufficient evidence to show that appellant was not the "spouse" of the complainant within the meaning of Sec. 22.011(c)(2). *Jackson v. Virginia, supra; Butler v. State, supra.* Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.