IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-352-CR





JORGE Y. TREVINO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 7396, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING



 





 Appeal is taken from a conviction for sexual assault. See Tex. Penal Code Ann.
§ 22.011 (Supp. 1992). Trial was before the court upon a plea of not guilty. Punishment was
assessed at ten years' confinement.

 Appellant asserts three points of error. In his first and second points of error,
appellant contends the court erred in overruling his objection to the admission of an extraneous
offense. In his third point of error, appellant asserts that the evidence is insufficient to prove that
his act was accomplished by the use of "threats, force and violence." We overrule appellant's
points of error and affirm the judgment of the trial court.

 Appellant's third point of error, directed to the lack of sufficient evidence to
support a finding that his act was accomplished by "threats, force and violence," is addressed at the outset with the belief that a review of the evidence may lend clarity to our analysis of the
other points of error.

 The victim, a Mexican national who does not speak English, was employed as a
domestic for appellant and his common-law wife in their home near Elgin. On April 3, 1990, the
victim received a telephone call from her cousins that they were coming to pick her up that night
and take her to Dallas for a visit with relatives. In response to an inquiry for directions in
reaching her place of employment, appellant took the telephone and advised the victim's cousins
that he would drive her to a store in Elgin.

 Upon appellant and the victim arriving at the designated store in Elgin that night,
and determining that the cousins had not arrived, appellant continued driving. Appellant told the
victim that he saw a car that "he thought was immigration" and "took off on a little dirt road." 
Appellant said they should stop since "somebody might have reported us to immigration." The
victim testified that appellant told her that he "was going to do as he pleased with me . . . he was
screaming at me loud." Despite the victim's efforts "to wrestle to keep them on . . . he ended up
taking [the pants] off." Victim related that appellant "forced" her undergarments off. The victim
"struggled" with appellant, who told her that he would "tear her legs apart" and drew his hand
back "as if to hit her." Prior to penetrating the victim's vagina with his penis, victim cried and
screamed to appellant to leave her alone. Appellant told the victim that he would "leave me there
without my clothes" and threatened her with immigration officials. Appellant testified that the
victim's account of what happened was untrue and that he had never made sexual advances toward
her.

 Dr. John Moskow examined the victim in the Seton Hospital emergency room in
Austin "about sixty hours" after the occasion in question. Dr. Moskow's examination revealed
a recent tear at the base of the vagina that had not healed and that "her hymen had recently been
torn." Abrasions and scratches outside the lips of the vagina were compatible with a traumatic
entry. Dr. Moskow concluded that his findings were consistent with victim's allegations that she
had been sexually assaulted sixty hours earlier.

 Sexual assault is without the consent of the other person if: "(1) the action compels
the other person to submit or participate by the use of physical force or violence; [or] (2) the actor
compels the other person to submit or participate by threatening to use force or violence against
the other person, and the other person believes the actor has the present ability to execute the
threat." Tex. Penal Code Ann. § 22.011(b)(1) and (2) (Supp. 1992).

 The victim was threatened with being left on a country road without clothes and
reported to immigration authorities. Her fear of being left on a country road under these
circumstances was undoubtedly amplified by her inability to speak English and the fact that it was
about the middle of the night. Appellant screamed at the victim, told her he was going to do as
he pleased with her, threatened her by stating that he would "tear her legs apart" and by drawing
his hand back as if to strike her. The victim "struggled" and "wrestled" with appellant before he
forced her undergarments off. Medical testimony reflected that an examination revealed injuries
that were consistent with a sexual assault.

 The court, as the exclusive judge of the facts, had the opportunity to observe the
victim carefully, to hear the fear projected from her, and to evaluate the credibility of her
testimony. See Hernandez v. State, 804 S.W.2d 168, 170 (Tex. App. 1991, pet. ref'd). We
conclude that a rational trier of fact could find beyond a reasonable doubt that appellant's act was
accompanied by the use of threats, force and violence sufficient to compel a reasonable person in
the victim's circumstances to submit to appellant's sexual advances. Appellant's third point of
error is overruled.

 In point of error number one, appellant asserts the court erred in overruling his
objection to the admission of an extraneous offense contrary to the provisions of Tex. R. Crim.
Evid. Ann. 401 and 404 (Pamph. 1992). (1)

 Appellant complains of the court's action in allowing the prosecutor, over
appellant's objection, to cross-examine appellant's common-law wife about appellant's entering
a plea of guilty to the offense of indecency with a child alleged to have been committed on her
sister's child. The witness testified on direct that she had accompanied appellant and the victim
on the occasion in question and that none of the victim's testimony regarding the sexual assault
was true. In response to a question from defense counsel as to whether she would lie to keep her
husband out of the penitentiary, the witness responded that she would not live with a rapist and
"he's not that kind of person." The State urges that this testimony opened the door for the
prosecutor to test her credibility with questions about the extraneous offense.

 "When a cause is tried before the court and there is nothing to show that the
judgment was based upon inadmissible evidence, . . . it will be presumed that the trial judge
disregarded incompetent evidence admitted at trial and the judgment will not be reversed on
appeal . . . if sufficient admissible evidence was admitted to sustain the judgment." Arnold v.
State, 277 S.W.2d 106, 107 (Tex. Crim. App. 1955). In a more recent case, Deason v. State,
786 S.W.2d 711, 713 (Tex. Crim. App. 1990), the court stated, "even if improperly admitted
evidence is considered by the trial court [without a jury], a reversal of a conviction will not be
necessary if other admissible sufficient evidence is admitted to sustain the judgment."

 The trial being before the court in the instant cause, and the testimony of the victim
and the doctor being sufficient to sustain the conviction, we need not determine whether evidence
of the extraneous offense was admissible. Appellant's point of error number one is overruled.

 In his second point of error, appellant contends that the court erred in overruling
his objection to the admission of evidence complained of in point of error number one because it
was not admissible under Texas R. Crim. Evid. Ann. 403 (Pamph. 1992). (2)

 We find our disposition of appellant's point of error number one dispositive of this
contention. Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Jones, Kidd and Davis*]

Affirmed

Filed: March 25, 1992

[Do Not Publish]




































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   Rule 401 defines "relevant evidence" and Rule 404 concerns the admissibility of
character evidence.
2.   Rule 403 concerns instances when relevant evidence may be excluded such as when its
probative value is substantially outweighed by the danger of unfair prejudice.


 No problem is presented by virtue of the court's considering the fact that appellant
was placed on deferred adjudication for the indecency with a child offense (even though the
court may have dismissed the proceedings) at the punishment phase of the trial. See Tex.
Code Crim. Proc. Ann. art. 42.12(5)(c)(1) (Supp. 1992).