IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-255-CR





TIRONE CLEMONS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 104,673, HONORABLE TOM BLACKWELL, JUDGE PRESIDING



 




 After finding appellant guilty of the offense of aggravated sexual assault of a child,
Tex. Penal Code Ann. § 22.021 (1989), the jury assessed punishment at fifty years' confinement. 
Appellant asserts two points of error. In his first point of error, appellant urges the evidence is
insufficient to support his conviction in that the complaining witness's identification and the
corroborative evidence are fundamentally dissimilar. In his remaining point of error, appellant
contends that the introduction of an extraneous offense on the issue of identity constitutes
reversible error. We overrule appellant's points of error and affirm the judgment of the trial
court.

 The victim, aged twelve at the time in question, testified that on April 25, 1990,
she was walking to school with a girlfriend when a man spoke to them from a car and offered
them a ride. When they refused, the man got out of his car and chased them. The victim related that he caught her and "drug me to his car." When she tried to get out of the car, "he
grabbed me by the neck" and drove to a place where there were no houses. The assailant made
her pull off her clothes. With the aid of a doll, the victim identified the places where boys and
girls go to the bathroom as their privates. She related that after he attempted to put his private
parts in her private parts on two different occasions, "he got on his knees and licked my privates." 
After the victim was driven to her school and released, she ran home. Officer Frederick Simpson
of the Austin Police Department had already arrived at her home as a result of the victim's friend
having reported that "someone had picked her [the victim] up and drove her off." After obtaining
a description of her abductor, Simpson accompanied the victim to the hospital.

 Dr. Beth Nauert, a pediatrician, testified that her examination of the victim at
Brackenridge Hospital on April 25, 1990, revealed bruises and scratches over her body and an
acute injury that was consistent with vaginal penetration and the account of events related to her
by the victim. Two days after the attack, the victim identified the appellant from a six person
photographic line-up shown her by the police. At trial, she made an in-court identification of the
appellant as the person who had attacked her. Following the photographic identification of
appellant as the assailant, a warrant was issued for appellant's arrest. As the officers approached
appellant's residence on April 28, 1990, they observed him leave his apartment and walk toward
his car. Upon seeing the officers, appellant "turned around and started running."

 Appellant's challenge to the sufficiency of the evidence is directed to the lack of
corroborative evidence and significant discrepancies in the description of the assailant and the
physical characteristics of the appellant. Appellant further points to the fact that the victim
identified a light blue Buick Riviera as being similar in appearance to the vehicle driven by the
suspect. Following his arrest, it was determined that appellant possessed a gray Oldsmobile
Toronado with a license plate number that contained none of the numbers that the victim had given
the police. Scientific tests of appellant's hair, saliva and blood were inconclusive. Because a
condom recovered at the scene had degraded, there was an inability to determine the blood type
and enzyme type of the person who produced the semen. Testing of fabrics found on the victim
and those recovered from the appellant's car were also inconclusive.

 Even if the victim had not immediately reported the attack following her release,
a victim's uncorroborated testimony supports a conviction under Penal Code § 22.021 if the victim
was younger than fourteen years at the time of the offense. See Tex. Code Crim. Proc. Ann. art.
38.07 (Supp. 1992); Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). When
reviewing a challenge to the sufficiency of the evidence to support a conviction, an appellate court
must determine whether, viewing the evidence in the light most favorable to the conviction, any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Butler v. State, 769 S.W.2d 234, 239
(Tex. Crim. App. 1989).

 The Court of Criminal Appeals in Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988), amplified on the correct way to apply the Jackson standard:



The court is never to make its own myopic determination of guilt from reading the
cold record. It is not the reviewing court's duty to disregard, realign or weigh
evidence. This the factfinder has already done. The factfinder, best positioned to
consider all the evidence first-hand, viewing the valuable and significant demeanor
and expression of the witnesses, has reached a verdict beyond a reasonable doubt. 
Such a verdict must stand unless it is found to be irrational or unsupported . . . by
the evidence, with such evidence being viewed under the Jackson light. Concrete
application of the Jackson standard is made by resolving inconsistencies in the
testimony in favor of the verdict.



 The jury, as judge of the facts, had the opportunity to observe the victim carefully
and to evaluate the weight and credibility of her testimony. See Hernandez v. State, 804 S.W.2d
168, 170 (Tex. App. 1991, pet. ref'd). We believe that a jury could reasonably infer that the
victim's lack of accuracy in describing her assailant and his vehicle could be attributed to her age
and the trauma necessarily associated with the sexual assault. We conclude that a rational trier
of fact could find beyond a reasonable doubt that the appellant was guilty of the charged offense. 
We overrule appellant's first point of error.

 The testimony of T.S., a twenty-one year old female, forms the basis of appellant's
second point of error concerning the admission of an extraneous offense. T.S. testified that she
was at a bus stop in route to work when the appellant forced her into a car in April 1990. He
drove to a dirt road where she observed a no-outlet sign. At this point she started getting out of
the vehicle. Appellant pulled her jacket and shirt off before she was able to elude him. T.S.
reported the attack to the Rape Crisis Center and contacted the police a few days later. T.S.
identified appellant as her attacker from a photographic line-up at the police station and made an
in-court identification of appellant in the trial of the instant cause. 

 Appellant concedes that no formal objection was made by defense counsel at the
trial to the introduction of the extraneous offense testimony. We are not persuaded by appellant's
contention that the court's instruction limiting the purpose for which the jury might consider such
evidence amounted to an indication by the court that an appropriate objection would have been
overruled.

 Prior to the introduction of the testimony of T.S., a bench conference was held to
discuss the date the State gave notice of its intention to introduce an extraneous offense. In
addition, defense counsel called the court's attention to a case holding that where identity is
established by direct evidence, cross-examination of the witness does not raise the issue of
identity. However, at no time did defense counsel voice an objection that the proffered evidence
was not relevant, or that it constituted an extraneous offense or extraneous misconduct, or in any
other manner apprise the court that appellant objected to the admission of the evidence complained
of on appeal. See Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990). Absent
a proper objection, no error is preserved for review. See Tex. R. App. P. Ann. 52(a) (Pamph.
1992). Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices Jones and Davis*]

Affirmed

Filed: September 16, 1992

[Do Not Publish]