NO. 12-02-00293-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


CALVIN OLIVER,                                             §     APPEAL FROM THE 114TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Calvin Oliver (“Appellant”) appeals his conviction for sexual assault. In his sole issue on
appeal, Appellant asserts that the evidence is not legally or factually sufficient to support his
conviction. We affirm.

Background
 
            On October 10, 2001, S.S., a 35-year-old female, notified the police that she had been
sexually assaulted on October 7. After an investigation, Appellant was charged by indictment with
the offense.


 The indictment contained one felony enhancement paragraph. Appellant pleaded “not
guilty” and elected a trial by jury. 
            At trial, S.S. gave her version of the incident. She testified that she had met Appellant about
three weeks earlier when he came to her house with Jackie Parker (“Parker”), a woman whose
children S.S. babysat. Approximately one week later, S.S. and Appellant had their first telephone
conversation. According to S.S., Appellant told her at that time that he loved her, that he wanted to
be with her, and that he wanted to have sex with her. They discussed marriage, but S.S. informed
him that she did not want to have sex. S.S. wrote two letters to Appellant and told him in one of the
letters that she, not Parker, could make him happy.
            S.S. further related that on the evening of the sexual assault, an unknown person dropped
off Appellant at S.S.’s house. S.S. let Appellant in, hugged him, and sat with him on her couch. 
Appellant told her he wanted to have sex with her, but she refused. Moving off the couch,
Appellant got down on his knees on the floor in front of S.S. and again asked her to have sex. She
refused. Appellant then pulled her to the floor by her hand, repeating his request, but S.S. persisted
in her refusal.
            S.S. testified that Appellant then got on top of her and held her down with her hands above
her head. She was unable to kick because of the way Appellant was holding her down and because
she has limited strength in her legs.


 S.S. did not hit Appellant because all of his body weight was
on her nor did she scream because her neighbors were out of town. Appellant held her down with
one hand and used the other hand to remove his pants and underwear. He also removed S.S.’s pants
and began having sex with her. She told him to stop and continued telling him that she did not want
to have sex. Although she began to cry, Appellant continued the assault, which lasted
approximately thirty minutes. About the time Appellant noticed S.S. was crying, a vehicle horn
blew outside. Appellant yelled out the door that he was coming, dressed, and left S.S. lying on the
floor, crying. She testified that, because of her physical limitations, it took her approximately ten
minutes to get off the floor.
            The jury found Appellant guilty of sexual assault as alleged in the indictment and, having
found the enhancement paragraph “true,” assessed punishment at life imprisonment.


 This appeal
followed.
 
Evidentiary Sufficiency
            In his sole issue on appeal, Appellant argues that the evidence is legally and factually
insufficient to support his conviction. More specifically, Appellant contends that the evidence fails
to establish beyond a reasonable doubt that the sexual act between Appellant and S.S. was without
her consent. The State disagrees and contends that there was sufficient evidence to establish S.S.’s
lack of consent.
Standard of Review
            “Legal sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.” Escobedo v. State, 6 S.W.3d 1, 6
(Tex. App.–San Antonio 1999, no pet.) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S.
Ct. 2781, 2786-88, 61 L. Ed.2d 560 (1979)). The standard of review is whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). 
The evidence is viewed in the light most favorable to the verdict. Jackson, 443 U.S. at 319, 99
S. Ct. at 2789; LaCour v. State, 8 S.W.3d at 671. The conviction will be sustained “unless it is
found to be irrational or unsupported by more than a ‘mere modicum’ of the evidence.” Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility
of witnesses and of the weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321
(Tex. Crim. App. 1994). Any reconciliation of conflicts and contradictions in the evidence is
entirely within the jury’s domain. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 
If a reviewing court finds the evidence legally insufficient to support a conviction, the result is an
acquittal. Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652
(1982). 
            After a reviewing court has found that the evidence is legally sufficient to support the
verdict, the court may go forward with a review of the factual sufficiency of the evidence. Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). In reviewing the factual sufficiency of the
evidence, a court examines all the evidence “without the prism of ‘in the light most favorable to
the prosecution’ and sets aside the verdict only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust.” Id. at 134. The court must inquire whether a
neutral review of all the evidence, both for and against the verdict, establishes that the proof of
guilt is so manifestly weak as to undermine faith in the jury’s resolution, or the proof of guilt,
although sufficient if taken alone, is greatly offset by conflicting proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).
            A proper deference should be demonstrated by the reviewing court in order to deter a court
from substituting its judgment for that of the fact finder, and any examination of the evidence
should not substantially infringe upon the fact finder’s role as the exclusive judge of the weight and
credibility given to witness testimony. Id.; Clewis, 922 S.W.2d at 133. Wrong and unjust verdicts
include ones in which the verdict is “manifestly unjust,” “shocks the conscience,” or “clearly
demonstrates bias.” Santellan v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997). The
reviewing court examines all of the evidence in the record pertaining to the factual sufficiency
challenge, not just evidence confirming the verdict. Id. at 164. The jury’s determination on any
conflicting evidence is usually decisive. Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–El
Paso 1996, pet. ref’d).
            In a criminal conviction, sufficiency of the evidence is determined by the elements of the
crime as defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). The correct charge “would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense
for which the defendant was tried.” Id.
Elements of the Offense
            A person commits the offense of sexual assault if he (1) intentionally or knowingly (2)
causes the penetration of the anus or female sexual organ (3) of another person (4) by any means
(5) without that person’s consent. Tex. Pen. Code Ann. § 22.011(a)(1)(A). A sexual assault under
this section is without the consent of the other person if (a) the actor compels the other person to
submit or participate by the use of physical force or violence, or (b) the actor compels the other
person to submit or participate by threatening to use force or violence against the other person, and
the other person believes that the actor has the present ability to execute the threat. Tex. Pen. Code
Ann. § 22.011(b)(1), (2) (Vernon 2003). 
            The testimony of a victim in a sexual assault case need not be corroborated to sustain a
conviction because her credibility is a question to be considered by the jury. Gonzalez v. State, 647
S.W.2d 369, 371 (Tex. App.–Corpus Christi 1983, pet. ref’d). The jury has the ability to observe
and hear the witnesses and to evaluate their credibility and the overall sufficiency of the evidence
on the issue of consent. Hernandez v. State, 804 S.W.2d 168, 170 (Tex. App.–Houston [14th Dist.]
1991, pet. ref’d). 
Analysis
            S.S. testified that, although she had developed a relationship with Appellant, she continually
refused to have sex with him on October 7, 2001. However, Appellant held her down, removed
their clothing, and had sex with her. S.S. stated that she told him to stop and denied consenting to
sex with Appellant. Therefore, viewing the evidence in the light most favorable to the jury’s
verdict, we conclude that a rational trier of fact could have found the elements of sexual assault
beyond a reasonable doubt. Having determined that the evidence is legally sufficient to support the
verdict, we address factual sufficiency and conduct a neutral review of all the evidence. See
Johnson, 23 S.W.3d at 11. 
            In conducting our review, we note some evidence in the record that is favorable to
Appellant. Pierre Bryant (“Bryant”) testified that S.S. knew Appellant longer than three weeks. 
S.S. admitted discussing marriage with Appellant. Further, she acknowledged consenting to sex
with Bryant on the day before the alleged incident. However, Bryant testified that he and S.S. were
“real close friends” and had a sexual relationship, but denied that their sexual relationship was
frequent or exclusive. 
            S.S. also waited to report the sexual assault to the police. However, Bobby Van Ness (“Van
Ness”), the investigating officer with the City of Tyler Police Department, testified that it is not
uncommon for a report of sexual assault to be delayed. Donna Friederich (“Friederich”), a sexual
assault nurse examiner at Mother Frances Hospital who performed a sexual assault examination on
S.S., testified that she found no signs of trauma. However, according to Friederich, lack of physical
trauma can be consistent with a history of sexual assault, and its absence does not mean that a
sexual assault did not occur. 
            Robert Hilbig (“Hilbig”), a criminalist with the Texas Department of Public Safety Crime
Laboratory specializing in serology and DNA of bodily fluids, testified that no semen was found
in the sexual assault kit swabs. However, Hilbig detected a stain on the crotch of S.S.’s jeans. He
found both S.S.’s and Appellant’s DNA on the stain. Further, Hilbig testified that the sperm cells
found on S.S.’s jeans were a mixture of DNA, with the larger amount being consistent with
Appellant’s DNA. He was unable to identify the contributor of the smaller component of sperm
cells. Among the evidence found in S.S.’s home, Van Ness discovered a Physician’s Desk
Reference marked at pages discussing sexual assault and a person’s reactions to an assault. S.S.
admitted marking the pages. Although Van Ness admitted that it was possible for a person to read
the information in the Physician’s Desk Reference, adapt her behavior to the reactions listed, and
convince someone that she had been sexually assaulted, he does not believe S.S. has the mental
state or capability to do so. 
            The jury heard all of the evidence, including the evidence favorable to Appellant,
determined the credibility of the witnesses, and resolved the evidentiary inconsistencies in the
State’s favor. This resolution of conflicts and contractions is the jury’s prerogative as fact finder.
Losada, 721 S.W.2d at 309. Consequently, in reviewing the entire record, both for and against the
jury’s verdict, we do not find that proof of Appellant’s guilt is so manifestly weak as to undermine
faith in the jury’s resolution, or that the proof of guilt, although sufficient if taken alone, is greatly
offset by conflicting proof. Accordingly, Appellant’s sole issue is overruled.
 
Conclusion
            Based upon our review of the record, we conclude the evidence is both legally and factually
sufficient to support the jury’s verdict that Appellant was guilty of sexual assault. Accordingly, the
judgment of the trial court is affirmed.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered July 21, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
(DO NOT PUBLISH)